WILLIAM F. GORRELL

*v.*

CHARLES H. PAYSON.

*Opinion filed November 8, 1897.*

1. INSTRUCTIONS—*plaintiff's instructions must not ignore matters of defense.* The giving of an instruction for the plaintiff which ignores matters of defense which there is evidence fairly tending to prove is reversible error.

2. SAME—*misleading instructions not cured by correct instructions of other party.* A misleading instruction which is not corrected by any of the other instructions given for the same party is not cured by the giving of a correct instruction for his opponent.

*Gorrell* v. *Payson*, 68 Ill. App. 641, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

This is a suit in assumpsit brought by the appellee, Charles H. Payson, against the appellant, William F. Gorrell, in the circuit court of Cook county, to recover the value of certain services rendered by Payson to Gorrell, as an attorney. A trial of the case before a jury in the circuit court resulted in a verdict for plaintiff for the sum of $5316.37. The plaintiff below, by his attorney, remitted a part of the damages so found by the jury, and judgment was entered against the defendant below for $4606.38. On appeal to the Appellate Court the circuit court's judgment was affirmed, and this further appeal is now prosecuted.

FRANK L. KRIETE, for appellant.

MANN, HAYES & MILLER, (JAMES R. MANN, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee, Payson, rendered professional services, as an attorney, for appellant, Gorrell, for about 204 days, during a period of about eighteen months, in several important civil and criminal cases in which Gorrell was defendant. Gorrell was successful in the litigation. The evidence tends to show, and the judgment of the Appellate Court is conclusive, that the amount recovered by appellee in this case did not exceed the usual and customary charges of attorneys for similar services in such cases. Nor can it be claimed that any other question of fact is open to review here. We have, however, carefully examined the evidence in order to pass upon the alleged error of the trial court in giving to the jury the third instruction asked by plaintiff below.

There was little or no controversy as to the extent of the services rendered by the plaintiff, or as to the question whether the amount of the verdict, $5316.37, was within the usual and customary charges of attorneys, but the defense was based upon three grounds: First, that Payson came into the cases at his own request, and had agreed with Gorrell that, inasmuch as he desired to remove to Chicago and wished to make a reputation there, he would appear for Gorrell and assist the other counsel, whom Gorrell claimed were sufficient for his needs, in the several suits without any charge except for his expenses; second, that again, before the trial of any of the causes, he agreed with Gorrell that he would render the services without any other fee or reward than the contingent fee which he was to receive in what was called the "$130,000 suit," which suit has not yet been tried, and concerning which suit the following written contract had been entered into between them:

"FAIRLANDS, *August 8, 1892.*

"C. H. PAYSON—After consulting attorneys in Chicago, we have decided to take you in the case against the Home Life Insurance Company of New York, brought by myself for $130,000. If we collect the full amount I will give you $15,000, and for any less sum recovered will give you, as fees, a sum in the same proportion the amount received bears to the amount sued for.

W. F. GORRELL.

"This agreement is accepted by me this day.

C. H. PAYSON."

—And third, that Payson had, as such attorney, while in the service of Gorrell, betrayed his trust, and had corruptly acted in his own interests and against the interests of his client in matters relating to the said litigation in which he was employed.

The testimony tended to show that the legal services rendered by Payson and the other counsel employed for Gorrell were considered by them necessary and important to a recovery in the $130,000 suit, although rendered in other cases brought against Gorrell, but which, unless

defeated, would preclude a recovery in his case against the company. We cannot, however, agree with the contention of appellant that, as a matter of law, upon a proper construction of the contract in question, Payson was bound to render the legal services which he did render in the other cases without any compensation except that provided for in the written contract. It does not appear that either party, at the time of entering into the contract of August 8, had in contemplation any other suit than the one therein mentioned, or that the terms of the contract required of appellee any professional services other than what would be reasonably necessary in the preparation for the trial, and in the trial or other disposition or settlement of said cause. But it was clearly true, as the court instructed the jury, that if the charges made against Gorrell in the other cases would, if sustained, defeat a recovery in the $130,000 suit, such fact would support a promise of Payson to make no extra charge for his services in said other cases. Indeed, if Payson rendered the services for which payment was demanded in this case, under a promise to Gorrell that he would do so for the same compensation mentioned in the written contract, he could not recover in this case, whether such services were necessary, or supposed to be necessary, to a recovery in the $130,000 suit or not, for he could not, after rendering such services under such a contract, recover a different compensation for them. So that the fact that he and his counsel regarded his success in those several suits as of vital importance to the successful prosecution of the $130,000 suit, while important in the corroboration of Gorrell's contention, was not, as a matter of law, necessary as a consideration for the alleged promise of Payson. The contract, if any was made, for the alleged extra services had been executed and the services had been rendered, and it would stand according to its terms in a suit of this character, whether supported by a valuable consideration or not.

The volume of evidence in the record is large, and cannot be recited here even to show its importance or its conflicting character, but it is sufficient to say that it tended, with considerable force, to support each of the grounds of defense as relied on by Gorrell. There was a sharp conflict in the evidence on each of these vital questions, and it was of the highest importance to a clear understanding and a just determination by the jury that the instructions should be accurate statements of the law as applied to the evidence then before them, and free from defects which would tend to mislead. The instruction complained of, which was given on the request of plaintiff below, was as follows:

"The court instructs the jury that if they believe, from the evidence, that the plaintiff, Payson, rendered services for the defendant, Gorrell, and that said services were performed for the benefit of said defendant, with his knowledge and consent, then a request will be implied, and unless the jury further believe, from the evidence, that such services were performed as a gift or gratuity, then the plaintiff is entitled to recover what the jury may believe, from the evidence, such services were reasonably worth, according to the usual, customary and ordinary charges made by lawyers for such services, if any, shown in the evidence."

It will be noticed that this instruction entirely ignored the second and third grounds of appellant's defense above mentioned, and all of the evidence in their support,— that is to say, that the services were regarded as necessary or important to the securing of the contingent fee provided for in the written contract, and that Payson had promised to render them for the consideration of said contingent fee; and that appellee had violated his trust as appellant's attorney, and made use of his trust relation for his own benefit and to the injury of appellant in the litigation. Nor was the qualification of the instruction based upon the evidence tending to support the said first

ground of defense. Inasmuch as there was no contention that the services were not rendered, and with the knowledge and consent of Gorrell, the effect of the instruction was to inform the jury that Payson was entitled to recover for such services according to the usual and customary charges made by lawyers, unless the evidence showed that they were performed as a gift or gratuity, even although the jury might believe, from the evidence, that the other two grounds of defense had been established, or that appellant had paid all of appellee's expenses for the time mentioned. It needs no argument to show that this instruction, standing alone before the jury, was erroneous, and the only question is, was it cured by other instructions in the case? It certainly was not cured by any instruction given at the request of the plaintiff, and it is not so contended.

But it is said that appellant cannot complain of the error, because the court gave, at his request, an instruction of the same purport. That instruction was as follows:

"You are instructed that if you believe, from the evidence in this case, that the plaintiff rendered services in the criminal trial and in the conspiracy trial in the United States court to the defendant, in pursuance of a request by the plaintiff of the defendant and the defendant's assent that the plaintiff should be permitted to take part in said trials gratuitously for the plaintiff, for the reputation which the plaintiff might gain thereby, then and in that case the plaintiff is not entitled to recover anything for his fees or compensation for services so performed."

It is apparent from a perusal of the two instructions that counsel are in error in this contention. The instructions are radically different. The first practically directed the jury to find for the plaintiff unless they found that the services were gratuitously rendered, irrespective of the other defenses. The other, that they should not find for the plaintiff if they found that the services were gratui-

tously rendered, for the reputation which the plaintiff might gain thereby. It is manifest that to say to the jury that one of the defenses made was sufficient, if proved, to defeat a recovery, was a very different thing from saying to them that the plaintiff should recover unless that particular defense was established. Besides, the evidence was undisputed that appellant paid to appellee, from time to time while such services were being rendered, the latter's expenses, such as hotel bills, car fare, etc., amounting to upwards of $1000, and in view of this established fact, and the evidence on the part of appellant that these expenses were paid in pursuance of the agreement between him and the appellee, made at appellee's request, that such services were to be rendered for such expenses ànd the benefit which would be derived by appellee from participation in the trials of the several causes in question, the instruction was erroneous in characterizing the performance of the services "as a gift or gratuity."

In view of the character of the evidence in this record we do not think it can justly be said that the defects in said third instruction were cured by instructions given at the request of the defendant. In such a case it was not sufficient, as we have heretofore said in other cases, "that some of the defendant's instructions may have stated the law correctly. * * * Plaintiff's instructions should have done the same thing, so that the jury could not have been misled by considering one set or the other of the charges given." (*Wabash, St. Louis and Pacific Railway Co.* v. *Rector*, 104 Ill. 296; *Hoge* v. *People*, 117 id. 35; *Chicago, Burlington and Quincy Railroad Co.* v. *Payne*, 49 id. 499.) Nor do we think it can be said that, when taken together as a series, the instructions were free from error prejudicial to appellant.

For the error indicated the judgments of the Appellate and circuit courts are reversed and the cause remanded for another trial.      *Reversed and remanded.*