## Isaac J. Levinson v. John J. Sands.

1. INTEREST—*When Recoverable.*—Under our statute interest is not recoverable unless there is money due and unless also it has been withheld by an unreasonable and vexatious delay of payment.

2. CROSS-EXAMINATION—*As to Inexperience in a Suit for the Value of Professional Services.*—On the trial of an action to recover for legal services brought by an attorney having but two years experience, where witnesses for plaintiff testify to the usual, ordinary and customary compensation for such services, it is proper on cross-examination to ask whether they regard the sum they name, the usual, ordinary and customary compensation for the services of an attorney having that limited experience.

3. SAME—*Of Attorneys Testifying as to Value of Professional Services.*—In an action brought by an attorney for legal services in the trial of an action at law, where a witness testified that he was an attorney on the opposite side of the question, stating the work done by him and the amount charged by him for such services, on cross-examination it is proper to show by him, whether he considers the sum charged by him a usual and ordinary fee for the services rendered.

4. INSTRUCTIONS—*An Instruction Given for a Plaintiff Held to Misstate the Defense.*—Where, in a suit to recover the value of services, the defense is they were performed under an agreement that they should be rendered to show defendant plaintiff's ability, with a view to his permanent employment by defendant, it is error to instruct the jury at the request of plaintiff that the defense is, plaintiff was to perform the services for nothing.

Assumpsit, for professional services. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

### STATEMENT OF THE CASE.

Levinson and Sands are attorneys at law. Sands brought this suit against Levinson to recover for services rendered by Sands in assisting Levinson and four other lawyers in the trial of the case of Levy v. Noel in the Circuit Court

of Peoria County in October, 1891. At the trial Sands had a verdict for $75 damages and interest, making the total verdict $95.30. Levinson moved for a new trial, and this being denied and judgment rendered on the verdict, he appeals therefrom.

Sands testified he was regularly employed by Levinson to assist him in trying said case and that Levinson has often promised to pay him therefor. At the time in question Sands lived at Lacon, in Marshall county. Levinson testified that Sands was desirous of locating in Peoria; that a mutual friend tried to get him to take Sands into his office; that he needed some one in his office to assist him in the trial of jury cases in courts of record, and had an interview with Sands on the subject of Sands going into his office and employment, and that Sands offered to take the position for $40 per month. Levinson further testified that he proposed to Sands to take part in said suit of Levy v. No. 1, then pending, so that Levinson might see what abilities as a jury lawyer Sands possessed, and that they came to an understanding that Sands should take part in the trial of that case for the purpose of demonstrating his ability as a jury trial lawyer, and that if his services were satisfactory to Levinson then the latter would give Sands employment in his office; and that it was arranged that Levinson should send Sands word when the case was set for trial. Levinson further testified that he did so notify Sands, and Sands came, and at the request of Levinson to the other lawyers on that side of the case Sands was allowed to make the opening address to the jury and to examine three or four witnesses, and to cross-examine as many more; that Sands took no part in the preparation of the case or drawing of instructions. Levinson testified that he was not satisfied with Sands' efforts in the case and did not employ him; that there was never anything said at that time about compensation to Sands, and that he had no intention of paying any, and did not know he was to be charged any; and that Sands never intimated to him he had any claim or charge for said service until about a month before the expiration of five years from the date of said trial, and shortly before

this suit was begun. Levinson denied having ever promised to pay Sands. There were two witnesses whose evidence tended to corroborate Levinson, and several circumstances tending the same way.

WALKER & LANDAUER, attorneys for appellant.

Under our statute, to entitle a party to recover interest upon an open account, there must be something more than mere delay in making payment after demand. The delay of payment must be both unreasonable and vexatious. Marsh v. Fraser, 37 Wis. 149; Farmers' Loan & T. Co. v. Mann, 4 Robt. (N. Y.) 356; Williams v. Hersey, 17 Kans. 18; Wood v. Robbins, 11 Mass. 503; Tatum v. Mohr, 21 Ark. 355; Kennedy v. Gibbs, 15 Ill. 406; Newlan v. Shafer, 38 Ill. 379; McCormick v. Elston, 16 Ill. 204; Aldrich et al. v. Dunham et al., 16 Ill. 403; Chapman v. Burt, 77 Ill. 337.

Whether there has been an unreasonable and vexatious delay of payment is a question of fact for the jury. Davis et al. v. Kenaga, 51 Ill. 170; Kennedy v. Gibbs, 15 Ill. 406, West Chicago Alcohol Works v. Sheer, 104 Ill. 586.

The recovery of interest depends entirely upon the statute and unless authorized by the statute it can not be recovered. Illinois Cent. R. R. Co. v. Cobb, Blaisdell & Co., 72 Ill. 148; City of Chicago v. Allcock, 86 Ill. 384.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

The third instruction given at the instance of the plaintiff told the jury defendant defended on the ground plaintiff was to perform the services for nothing, and unless defendant had established that defense by the greater weight of the evidence, they should find for plaintiff. The defense in fact was that Sands rendered these services in order to show Levinson his ability as a trial lawyer, and under an arrangement between them that if Levinson should be satisfied with the ability Sands displayed upon said trial, he would give Sands employment in his office; that Sands was not hired, and did not render the services as an employe or hired attorney, but that he was permitted to make the opening

speech and examine several witnesses as a favor to him and as a step tending to the permanent employment with Levinson which Sands was then actively seeking. This is very far from an agreement to render the services for nothing. In Gorrell v. Payson, 170 Ill. 213, a suit to recover fees for legal services, a similar instruction was condemned because it ignored evidence for the defense tending to show plaintiff agreed to render the services for no other fee or reward than a contingent fee in another suit not then tried; and also because it ignored evidence that the services were rendered for his expenses and the opportunity to make a reputation in Chicago, to which place he wished to remove; and it was held error to characterize such services as "a gift or gratuity" in an instruction. As the apparent preponderance of the evidence was with the defendant on this subject, we think said third instruction misled the jury.

Instruction number five, given at the request of plaintiff, told the jury if they found for plaintiff, they should allow him what they found from the evidence his services were reasonably worth "with five per cent interest thereon from the time of the performance of such services." Under our statute plaintiff was not entitled to interest unless there was not only money due plaintiff, but it had been withheld by defendant "by an unreasonable and vexatious delay of payment." This was a question for the jury. Even if they found for plaintiff, yet if they also found there had been a real misunderstanding of the arrangement between plaintiff and defendant, and that defendant honestly believed he did not owe plaintiff for such services, and that plaintiff never asked or claimed any pay till a few days before the suit was brought, as they might have found from this evidence, then they would not have been justified in awarding interest. The court erred in withdrawing this question from the jury. The verdict included $20.30 expressly allowed by the jury as interest under this direction.

Sands called several attorneys who testified the usual, ordinary and customary compensation for such services as he rendered in said case would be $25 per day. When said services were rendered Sands had been a member of the bar

a little over two years, and had tried about ten cases in courts of record. On cross-examination Levinson sought to ascertain from said witnesses whether they regarded the sum they had named as the usual and customary compensation of an attorney having the limited experience just stated. The court sustained objections to all such inquiries. We think this was a legitimate cross-examination of said witnesses. Foster, an attorney, so testifying for Sands, also testified on direct examination that he was one of the attorneys on the opposite side of the said case of Levy v. Noel at said trial, and that he prepared the case for trial; took an active part in its trial, and participated in the argument for a new trial; and that he charged $50 for his services in that case. On cross-examination Levinson asked him if he considered $50 a usual, customary and ordinary fee for the services rendered in that case, but the court sustained an objection thereto. We think that after Foster had given the testimony above stated on direct examination, Levinson should have been permitted to make this inquiry upon cross-examination.

The judgment of the court below is reversed and the cause remanded, with directions to award a new trial. Reversed and remanded.