## Isaac J. Levinson v. John J. Sands.

1. VERDICTS—*Against the Preponderance of the Evidence.*—A verdict strongly against the preponderance of the evidence will not be permitted to stand.

2. HYPOTHETICAL QUESTIONS—*Must Include All the Undisputed Facts.*—All the undisputed pertinent facts of a case must be included in hypothetical questions, both as a matter of sound principle and of reason and justice. Neither party has a right to discard an important undisputed fact, merely because its insertion may vary the answer or opinion of the witness, to the prejudice of such party.

3. WAIVER—*Of Defects in a Remanding Order.*—Error in a remanding order is waived by the parties appearing in the court below and going to trial without objection.

**Assumpsit,** for attorney's services. Trial in the County Court of Peoria County; the Hon. Robert H. Lovett, Judge, presiding. Heard in this court at the December term, 1898. Reversed and remanded. Opinion filed April 11, 1899.

Herbert T. Landauer, attorney for appellant.

Arthur Keithley, attorney for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee against appellant for $125. A former judgment for appellee was heretofore reversed by this court. The opinion then filed, reported in 74 Ill. App. 273, contains a sufficient statement of the case. Upon the second trial appellee and appellant were the only witnesses who testified directly to the terms of the contract or arrangement between them under which the services were rendered for which this suit is brought, and they entirely disagreed as to what the arrangement was. Appellant appears from the record to be as credible a witness as appellee. Appellant's testimony as to the arrangement between them is much the more reasonable. It is very improbable that in a suit about to be reached for jury trial in the Circuit Court of Peoria County wherein five lawyers were already engaged upon one side, including at least two who lived in Peoria, the lawyer in charge of that side would invite a young man from an adjoining county, but two years at the bar, and who had tried but ten jury cases in courts of record, and to whom the applicant had just been introduced for the first time, to come to Peoria and help these five lawyers try the case, and would send for him and hold him in Peoria several days before the case was actually reached for trial. No facts appear in evidence which would make appellee's assistance so valuable as his version of the arrangement would indicate. His testimony on this subject is substantially uncorroborated. On the other hand appellant's testimony, as to the arrangement under which appellee was permitted to

do certain things in the trial of the case for his own benefit and advantage (as stated in our former opinion), was corroborated upon the last trial by three witnesses in important particulars. We think the verdict so strongly against the preponderance of the evidence that it ought not to stand.

It was error to overrule appellant's objections to the hypothetical question put by appellee to his witnesses, Wead and Sheean, as to the value of such legal services as were described in the question. There was no dispute but that appellee had been admitted to the bar only about two years at the time he rendered the services; that he had tried but ten jury cases in courts of record; and that there were five other lawyers already employed in the case on that side before he claimed to have been called in. All these undisputed facts were already in evidence and were omitted from the hypothetical question, and their omission was called to the attention of court and counsel by special objections. There was no proof to show whether the case in question was one of slight or great importance, save as that might be inferred from the number of lawyers engaged upon one side. There was no proof by these expert witnesses that these omitted matters would not affect their estimate of the value of the services rendered.

In People v. Vanderhoof, 71 Mich. 158, that court said: "All the undisputed facts of a case must be included in a hypothetical question, both as a matter of sound principle and of reason and justice. Neither party has a right to discard an important undisputed fact because the insertion of such fact may alter or vary the answer or opinion of the witness, to the prejudice of such party." 1 Thompson on Trials, Sec. 610, says: "Where the facts are not disputed it is proper to require that the hypothetical question shall embrace them all, and that the witness shall take them all into consideration in giving his answer." To the same effect are Davis v. The State, 35 Ind. 496, and Rogers on Expert Testimony, Secs. 25, 26.

Appellant claims the last trial in the County Court of

Peoria County was nugatory because the certified copy of the order of this court filed there, though remanding the cause to the County Court, recited (by a clerical error) that the judgment of the Circuit Court of Peoria County was reversed. This position is not well taken. The order of this court was that the judgment of the County Court be reversed and that the cause be remanded to the County Court. A certified copy of that order (correct except as to this clerical error) was filed in the County Court. An application was made to that court to redocket the case. Appellant was notified of that application. The case was redocketed in the County Court without objection, and appellant appeared in that court and went to trial. The clerical error mentioned did not have the effect of preventing the County Court from re-acquiring jurisdiction of the cause.

For the errors indicated the judgment is reversed and the cause remanded.