**Chicago North Shore St. Ry. Co. et al. v. Joseph Hebson.**

1. INSTRUCTIONS—*As to Expressions of the Court Indicating His Opinion as to the Facts.* —An instruction given by the court upon its own motion stating that "if in discussing questions of law with counsel the court has employed any language which may have indicated

his opinion as to facts, it is your solemn duty to ignore it, as the court has not and does not express any opinion as to the facts. What the facts are, is peculiarly a question for the jury. It is the duty of the court to declare the law and of the jury to determine the facts according to their best judgment, regardless of any consideration other than that of doing even-handed justice between the parties to the suit," is erroneous in that it leaves them to determine the facts of the case according to their own best judgment, regardless of any consideration other than that of doing even-handed justice between the parties.

2. SAME—*Errors in, Not Always Corrected by Others.*—A correct instruction does not necessarily cure an error in another instruction, unless as a series the instructions state the law correctly.

3. JURORS—*Should Be Permitted to Believe Nothing Except, etc.*— Jurors should be permitted to believe nothing except their belief is occasioned by the evidence, and their minds should always be directed to that and to that only, as the ground of such belief.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 24, 1901.

GRAHAM H. HARRIS, attorney for appellants; JOHN A. ROSE, of counsel.

ELA, GROVER & GRAVES, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

This is an action on the case by appellee against appellants to recover damages for a personal injury caused August 24, 1895, to the appellee, by his being struck by one of appellant's electric cars at the intersection of Main street with Chicago avenue in the city of Evanston, the car going in a southerly direction along Chicago avenue, on which were appellant's railway tracks. Appellee was a passenger upon another of appellant's cars which came from the south and had stopped at or near the north crossing of said Main street and Chicago avenue for the purpose of discharging passengers. When the north-bound car had stopped, appellee, with other passengers, alighted therefrom, and he turned to the south, passing directly behind the car he left, went in a westerly direction across the railway tracks, and just as he stepped upon the easterly rail of the

south-bound track he was struck by the front car (going in a southerly direction), which was attached to a trailer, knocked down and quite seriously injured.

There have been two trials of the case, the first resulting in a verdict of $5,000 for appellee, which was set aside and a new trial awarded, and the second in a verdict for appellee of $2,500, and a judgment thereon, from which this appeal is taken.

The evidence as to the circumstances attending the accident consists of the testimony of a large number of witnesses, very many of whom were present and witnessed the accident. It seems unnecessary to state in detail this evidence, which we have examined and find to be conflicting and that it is sufficient for the purposes of this decision to state the result merely of our conclusions therefrom, viz., that the whole evidence considered, a close question of fact is presented as to whether or not appellee was in the exercise of ordinary care for his own safety; also a like question of fact as to whether appellant was guilty of the negligence charged in the declaration. If either of these questions, and particularly the former, had been decided by the jury against appellee, we could not say that such finding would be clearly and manifestly against the evidence. That being true, upon the record presented, the law is that the jury should have been accurately instructed. Chicago City Ry. Co. v. Canevin, 72 Ill. App. 81, and cases there cited.

The appellee asked no instructions. Twelve instructions on behalf of appellant were given and three refused. The jury answered in reply to special interrogatories submitted by appellant, in substance, that it was guilty of negligence contributing to the injury, that the appellee used due care for his own safety, that appellant's motorman was sounding his gong as he approached the Main street crossing and before he saw the plaintiff, and that the car which struck the plaintiff was running at an unsafe speed.

The trial court, of its own motion, gave to the jury the following instruction, viz.:

" If in discussing questions of law with counsel the court

employed any language which might indicate his opinion as to facts, it is your solemn duty to ignore it, as the court has not expressed and does not express any opinion as to the facts.    What the facts are is peculiarly a question for the jury.    It is the duty of the court to declare the law and of the jury to determine the facts according to their own best judgment, regardless of any consideration other than that of doing even-handed justice between the parties to this suit."

Complaint is made by appellant as to the ruling of the court in refusing its three instructions above referred to, but we think there was no reversible error in that regard. We think the first was misleading and not applicable to the facts of this case, the duty of appellant under the facts here presented being different from its duty to persons using the street generally, whereas the instruction makes its duty to appellee the same as to persons generally using the street. The second instruction is covered by others given, and the third was improper as omitting the element of appellee's want of care contributing to the injury.

The instruction above quoted, given on the court's own motion, is, in our opinion, erroneous in that it leaves the jury to determine the facts of the case "according to their own best judgment, regardless of any consideration other than that of doing even-handed justice between the parties."    The instruction makes no reference whatever to the evidence, leaves the jury at liberty to determine the facts from any source other than the evidence, and the jury might well have considered that they had a right to be guided by this instruction, conflicting, as it does, with the instruction on behalf of appellant which told them in effect that they should be guided in arriving at their verdict by a consideration of the evidence, and that they were free to decide the facts upon matters relating to the case within their own personal knowledge or which they had learned from what they had heard outside the evidence.

It is argued, on behalf of appellee, that five instructions, given at the instance of appellant, supplied the omission in the one in question, and particularly instruction No. 2, which tells the jury it is their duty to " consider the whole

of the evidence and to render a verdict in accordance with the weight of all the evidence in the case." We do not, however, consider the argument sound, as no one can tell but that the jury followed the court's instruction, which allowed them as wide a field of conjecture and speculation as it was possible for words to give them, provided only the jury should be of opinion that they were doing by their verdict even-handed justice. Common experience teaches that the ordinary citizen, when left free, as was this jury, to determine the rights of parties, regardless of every other consideration than to do even-handed justice between them, will not be very critical as to their sources of information, which form the basis of their conclusions. For these reasons we think the court's instruction was erroneous, and our conclusions are supported by the following authorities: Ewing v. Runkle, 20 Ill. 449–64; Ry. Co. v. Ingraham, 77 Ill. 309–12; Horne v. Walton, 117 Ill. 130–5; Ry. Co. v. Jenkins, 174 Ill. 398–409; City of Freeport, v. Isbell, 83 Ill. 440–3; Gorrell v. Payson, 170 Ill. 213–19; American S. Co. v. R. R. Co. 177 Ill. 513–23.

In the last case cited the court say :

" A correct instruction does not necessarily cure the error in another instruction, unless as a series they state the law correctly."

In the Cobb case, *supra*, the court, in speaking of conflicting instructions, say it left the jury "free to adopt the law as stated in either charge, as their whims or caprices might suggest, or, what is still worse, as their prejudices might influence them," and held that it is very objectionable to give conflicting instructions. It is unnecessary to quote from the first four cases cited, except the following, which may be said to be the substance of the principle controlling them all, to wit:

"Jurors should be permitted to believe nothing, except that belief be occasioned by the evidence, and their minds should always be directed to that, and to that only, as the ground of their belief."

For the error in giving this instruction the judgment is reversed and the cause remanded.