## George W. Cavitt v. Omar Davis.

1.   INSTRUCTIONS—*When Applicable to Certain Items of Proof and Not to Others.*—It is not error to give an instruction correctly stating the law applicable to certain items of proof, though it may be inapplicable to other items.

Assumpsit, on an open account.   Error to the Circuit Court of Iroquois County; the Hon. ROBERT W. HILSCHER, Judge, presiding.   Heard in this court at the October term, 1900.   Affirmed.   Opinion filed February 13, 1901.

PAYSON & KESSLER, attorneys for plaintiff in error.

W. E. LEWIS, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Cavitt sued Davis before a justice of the peace on an open account.   On a trial in the Circuit Court, on an appeal, defendant, who pleaded an open account as set-off, obtained a verdict and a judgment against plaintiff for twenty-five dollars.   Plaintiff appeals.

There were numerous items on each side of the account. It is conceded that if the defendant ought to be allowed thirty dollars for taking care of plaintiff's pasture during a certain season, receiving stock to be pastured therein, keeping account of the stock and collecting the pay for the pasturage for plaintiff, then the verdict is warranted by the

proof. It is not disputed that defendant rendered that service. He testified it was worth thirty dollars, and no one questioned it. But plaintiff claimed that defendant was to be paid for this work by the pasturage of his own stock therein. There was conflicting proof on this subject, and it was for the jury to say which side had the greater weight of evidence. We find no warrant in the proof for disturbing the conclusion of the jury, approved by the trial judge.

The court gave the following instruction for defendant:

"If the jury believe from the evidence that the defendant performed labor and services for the plaintiff, at his request, and that no price was fixed or agreed upon, then the law will imply a promise from the plaintiff to pay the defendant for such work and labor what the same are reasonably worth."

It is argued that this instruction was erroneous for the reasons stated in disposing of a similar instruction in Gorrell v. Payson, 170 Ill. 213. We conclude it was not error for the court to give the instruction above set out, for two reasons: First, there were other services rendered by Davis for Cavitt to which this instruction was applicable, and if Cavitt wished this matter of pasturage distinguished from the ordinary rule he should have asked an instruction on that subject. Second, neither side claimed the services rendered by Davis, concerning the pasturage, were to be without compensation. Cavitt claimed they were rendered for the pasturage of Davis' stock in Cavitt's pasture. Davis claimed he was to be allowed and paid what these services were reasonably worth. Therefore Gorrell v. Payson, *supra*, is not in point. The judgment is affirmed.