## Vincent Weske v. Chicago Union Traction Company.

### Gen. No. 11,329.

1. EXCEPTION—*when, does not appear to action of court in overruling motion for new trial.* Where the bill of exceptions contains only the following exception after the verdict : "The court thereupon overruled said motion (for a new trial) and gave judgment on the verdict against the plaintiff for costs; to which decision of the court plaintiff by his counsel made his exception to the ruling of the court,"—no exception appears to the action of the court in overruling the motion for a new trial.

2. OFFER OF PROOF—*effect of absence of.* Where no offer of proof is made, the action of the court in sustaining objections to questions will not be reviewed where, as in this case, the proof sought to be introduced in nowise appears.

3. ORDINARY CARE—*particular instruction upon subject of, held not erroneous.* An instruction upon this subject as follows : "The court instructs the jury that the plaintiff was just as much in duty bound to exercise ordinary care to look out for defendant's approaching car, and to avoid colliding with the same, at the time and place in question, as the motorman in charge of the defendant's car was to look out for and to avoid colliding with the wagon of the plaintiff,"—held not erroneous.

4. VERDICT—*when lapse of term does not invalidate.* The fact that a jury in a cause retires at one term and renders its verdict at another term, does not invalidate such verdict.

5. JUDGMENT—*particular presumption indulged in favor of.* Where in order to sustain the judgment of the trial court it is necessary to presume that a particular order which might have been entered was actually entered, such presumption will be indulged, in the absence of a specific showing that no such order was in fact entered.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed November 29, 1904.

**Statement by the Court.** Appellant was the driver of a garbage wagon going south on Leavitt street. At the crossing of North avenue his wagon was struck by a westbound electric càr of appellee and he was thrown out and injured. He brought an action charging that appellee negligently managed and operated said car and there was a verdict and judgment for the defendant.

A. M. LASLEY, for appellant.

JOHN A. ROSE and LOUIS BOISOT, for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff filed a written motion for a new trial which was overruled and judgment entered on the verdict. The bill of exceptions contains only the following exception after the verdict: "The court thereupon overruled said motion (for a new trial) and gave judgment on the verdict against the plaintiff for costs; to which decision of the court plaintiff by his counsel made his exception to the ruling of the court."

The contention of appellee is that this is only an exception to the judgment and cannot be held an exception to the overruling of the motion for a new trial. It was held in E. St. L. Elec. R. R. Co. v. Cauley, 148 Ill. 490, that " A general exception cannot be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises on the trial." In E. St. L. Elec. Co. v. Stout, 150 Ill. 9, it was held that where a motion for a new trial was overruled and judgment rendered on the verdict, an exception to the rendition of the judgment could not be held to be an exception to the overruling of the motion for a new trial. In this case there were two "rulings" or "decisions" of the court; the first, that the motion for a new trial be overruled, the second, that a judgment for costs be rendered on the verdict against the plaintiff. The rendition of the judgment was the last ruling and decision and as the exception could not apply to both the overruling of the motion for a new trial and to the rendition of the judgment, it must be held to apply to the rendition of the judgment alone, and there was therefore no valid exception to the overruling of the motion for a new trial.

But if the exception be held to apply to the overruling of the motion for a new trial the result would be the same.

The objection that the verdict was contrary to the evi-

dence cannot be sustained. The evidence was conflicting and there was abundant evidence to warrant and support the verdict of not guilty.

A large number of objections are urged against the rulings of the trial court in sustaining objections of the defendant to questions by the plaintiff. In no case was there an offer of evidence made by counsel for plaintiff, nor a statement as to what plaintiff expected to show by the witness in answer to such question. We cannot state in detail the many questions to which objections were, as appellant claims, improperly sustained. We have examined the record with care and do not find reversible error in any of the rulings so complained of.

Complaint is made of the following instruction given for defendant: "The court instructs the jury that the plaintiff was just as much in duty bound to exercise ordinary care to look out for defendant's approaching car, and to avoid colliding with the same, at the time and place in question, as the motorman in charge of the defendant's car was to look out for and to avoid colliding with the wagon of the plaintiff," upon the ground that it told the jury that the exercise of ordinary care bound the plaintiff to look out for defendant's approaching car and avoid colliding with it to the same extent as the motorman in charge of the car was bound to look out for the wagon and avoid colliding with it. This objection cannot be sustained. The instruction told the jury, not that the exercise of ordinary care bound the plaintiff to look out for defendant's car to the same extent that the motorman was bound to look out for the wagon, but that the plaintiff was as much bound to exercise ordinary care to look out for the car as the motorman was bound to exercise ordinary care to look out for the wagon. The objection that it was error to give defendant's instruction 14 because there was no evidence that the plaintiff "ran in the way of the car suddenly," cannot be sustained. Some of the witnesses testified that plaintiff's horses walked as they came upon the track on which the car was approaching, others that they trotted,

and one that one horse was on a canter, the other on a trot. With this evidence in the record we cannot say that there was no evidence tending to show that the plaintiff went quickly and suddenly upon the track.

Complaint is also made of defendant's instruction 13 upon the ground that there was no evidence from which the jury could find that the plaintiff did not look to ascertain whether a car was approaching before crossing the track.

It appears from the evidence that Leavitt street for a space of nearly thirty feet north from the north rail of the track on which the car ran was clear and free from any obstruction that could prevent plaintiff from seeing the approaching car. The collision occurred in daylight. Plaintiff testified that he did not see the approaching car until after he was on the track in front of it. With this evidence in the record, we cannot say that there was not evidence tending to show that plaintiff did not look to ascertain whether a car was approaching when he went upon the track.

Appellant contends that the judgment should be reversed because the verdict was not returned into court at the term at which the cause was tried and submitted to the jury.

"In the absence of any statute to the contrary, whenever the time fixed by law for the expiration of a term arrives, the powers of the court for that term are at an end by operation of law, and the powers of the jury must terminate with those of the court to which it is attached." 12 Enc. of Pl. & Prac. 658.

This case was submitted to the jury Friday, July 3, with leave, when they agreed upon a verdict, to reduce it to writing, sign and seal the same, and then separate and return it to court the next morning. The next day, July 4, was the last day of the June term of the court. The July term began Monday, July 6. No order or entry was made in the cause after the one above mentioned on Friday, until Monday, July 6, when the record states that the parties and jurors came and the verdict was read and recorded. For

more than thirty years the statute has provided that the terms of the Superior and Criminal Courts of Cook county should begin on the first, and those of the Circuit Court on the third Monday of every month.  It has been the practice in those courts to hold jurors, when once a trial has been begun, from one term to another, until the trial was concluded, and the right so to do has not been questioned. We think the practice is authorized by the statute.  Section 53 of chapter 37, R. S., provides that "The Circuit Courts of the several counties and the Superior Court of Cook county, when lawfully in session, may adjourn from day to day, or to any day not beyond the first day of the next term of the court."  Section 56 provides that "All causes and proceedings pending and undisposed of in any of said courts at the end of a term, shall stand continued until the next term of the court."  The case of Bond v. Wood, 69 Ill. 282, is not in point.  All the proceedings had in that case were had at the same term.  All the jurors were present in this case Monday morning when the verdict was returned into court and it was received, read and recorded without objection by either party.  If under the statute it was necessary in order to hold the jury from the June term to the July term to enter a formal order of adjournment to the first day of the July term, the presumption in the absence of evidence to the contrary is that the proper order was made.

We find in the record no reversible error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*