## Chicago City Railway Company v. Joseph H. Strong, Administrator.

### Gen. No. 12,566.

1. Street car tracks—*instruction as to liability of traction company to person injured while unexpectedly driving upon, approved.* An instruction upon this subject as follows, approved:

" If the jury believe from the evidence under the instructions of the court that as said train of cars approached the place in question it was being operated with ordinary care, and that said Civalier drove his team in the way of the car so suddenly that the gripman had no such notice of any danger to said Civalier as to give him an opportunity to avoid the danger by the exercise of such presence of mind and of such ordinary care as is to be expected from a man of ordinary coolness and prudence, and under such circumstances as were then surrounding him, then the court instructs the jury to find the defendant not guilty." .

2. Streets—*when instruction telling jury that citizen has equal rights with traction company upon, erroneous.* Such an instruction held. under the facts in this case, to take from the jury a material question of fact.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Willard M. McEwen, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed June 26, 1906.

**Statement by the Court.** This is an appeal from a judgment in an action on the case in favor of appellee for personal injuries to decedent alleged to have been occasioned by the negligence of appellant.

The action was commenced during the lifetime of Joseph Civalier. The declaration contained two counts, both of which allege that while Civalier with due care and diligence was riding upon a carriage on Harrison street, Chicago, at or near its intersection with Wabash avenue, the defendant by its servants so carelessly and improperly drove and managed its motor and train of cars that they ran into and struck with great force and violence said carriage and horses and thereby Civalier was thrown with great force and violence from the seat of the carriage against the gripcar and injured. Appellant pleaded not guilty.

On April 4, 1904, the death of Civalier was suggested and Joseph H. Strong, administrator of his estate, was substituted as plaintiff.

At the close of the trial the jury returned a verdict in favor of the plaintiff for $1,725 damages and the court entered judgment on the verdict.

WILLIAM J. HYNES, JOHN E. KEHOE AND C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

FRANK P. SADLER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The questions involved in the case were, first, the due care of appellee's intestate, and second, the negligence of appellant. Upon these questions much testimony was introduced by the parties, and considerable space in the briefs and arguments is devoted to the discussions of them. In the view we take of the case as presented on this appeal, it will not be necessary to consider the evidence except in an incidental way in passing upon some of the assignments of error.

Errors are assigned on the rulings of the court on instructions.

Appellant asked and the court refused to give the following instruction:

"20.  If the jury believe from the evidence under the instructions of the court that as said train of cars approached the place in question it was being operated with ordinary care, and that said Civalier drove his team in the way of the car so suddenly that the gripman had no such notice of any danger to said Civalier as to give him an opportunity to avoid the danger by the exercise of such presence of mind and of such ordinary care as is to be expected from a man of ordinary coolness and prudence, and under such circumstances as were then surrounding him, then the court instructs the jury to find the defendant not guilty."

The theory of appellant was that appellee's intestate

without notice to the gripman, suddenly drove upon appellant's track directly in .front of an approaching grip-car and cars attached thereto, and that the gripman did not have time, after said intestate manifested an. intention to drive upon the track, to stop the train before the same came in contact with said intestate's carriage. Appellant offered evidence tending to support this theory. It is contended that the instruction correctly stated the law applicable to such a state of facts, and that it was error to refuse to give the instruction.

In Chicago Union Traction Co. v. Browdy, 206 Ill. 615, the court said: "The law seems to be well settled that where the alleged negligence of a servant consists of an omission of duty suddenly and unexpectedly arising, it is incumbent on the plaintiff to show that the circumstances were such that the servant of the defendant had an opportunity to become conscious of the facts giving rise to the duty, and a reasonable opportunity to perform it, before the master can be held liable. (Booth on Street Railways, Sec. 105; M. & F. Pass. R. R. Co. v. Kelley, 102 Pa. St. 115; Fenton v. Second Avenue Railroad Co., 126 N. Y. 625; Rack v. Chicago City Railway Co., 173 Ill. 289.)"

Appellant had the right to have the jury instructed upon its theory of the case, having offered evidence tending to support it. We are of the opinion that the instruction states the law correctly. Chicago West Division Ry. Co. v. Ryan, 131 Ill. 474; Rack v. Chicago City Ry. Co., 173 id. 289; South Chicago City Ry. Co. v. Kinnare, 96 Ill. App. 210. It was essential to a correct understanding of the case by the jury that they be instructed as to the law upon the facts shown by appellant's witnesses, and it was therefore reversible error to refuse to give the instruction.

The court refused the following instruction requested by appellant:

"21. The court instructs the jury that the said Civalier was just as much in duty bound to exercise ordinary care to look out for defendant's approaching train of cars and to avoid colliding with the same, at the time and place in

question, as the gripman in charge of the defendant's train was to look out for and to avoid colliding with the team and carriage. One was not held in law to any higher degree of care than the other."

This court held this instruction was correct in Weske v. Chicago Union T. Co., 117 Ill. App. 298. The instruction should have been given.

The court gave the following instruction at the request of the plaintiff:

"4. The court instructs the jury as a matter of law that both plaintiff's intestate (Civalier) and defendant (Chicago City Railway Company) were equally entitled to use the public thoroughfare at the street intersection of Wabash avenue and Harrison street at the time of the alleged injury; and neither had any right paramount or superior to that of the other at said street intersection."

This instruction doubtless states a general rule of law as to the general rights of the public and a street railway company at street intersections, but as applied to the particular facts in this case it was not correct, and was misleading. It cannot be the law that both plaintiff's intestate (Civalier) and the appellant were equally entitled to use the public crossing at the same moment, for that was impossible at the time of the alleged injury. It was not correct to instruct the jury that neither had any right paramount or superior to that of the other at said street intersection at the moment of collision, for that amounted to withdrawing a material question of fact from the consideration of the jury. There was evidence tending to show that appellant's car reached the point of intersection of the streets first, and by reason of its nearness to the point where the respective lines of travel met had the right of way. Knickerbocker Ice Co. v. Benedix, 206 Ill. 362; North Chicago Street Ry. Co. v. Smadraff, 189 id. 155; Chicago City Ry. Co. v. Lannon, 212 id. 477.

It appears that one of the jurors empaneled to try the case, during the progress of the trial, visited the intersection of Harrison street and Wabash avenue for the purpose of making a survey and measurements of the surroundings,

the location of the tracks, etc., and that he actually took measurements and had the facts so ascertained in mind during the taking of testimony. This was such misconduct on the part of the juror as to require the setting aside of the verdict. Chicago & N. S. Street Ry. et al. v. Hebson, 93 Ill. App. 98; Stampofski v. Steffens, 79 Ill. 303.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*