**Lars Olsen, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.**

**Gen. No. 14,509.**

1. INSTRUCTIONS—*when great care in giving, should be exercised.* If the evidence is closely conflicting, the greatest care must be exercised in instructing the jury fully and fairly on all the issues; in any event, in not refusing to give proper instructions requested by either side.

2. INSTRUCTIONS—*when refusal to give, not material error.* It is not material error for the court to refuse the usual instruction given in personal injury suits cautioning the jury against prejudicial sympathy or different treatment of individuals and corporations, etc.

3. INSTRUCTIONS—*when refusal upon degree of care to be exercised by motorman, improper.* Held, that an instruction which told the jury that the law did not require a motorman to exercise a higher degree of care for the plaintiff than it required the plaintiff to exercise for himself, should have been given, but not affirmatively held that the refusal to give such instruction was reversible error.

4. INSTRUCTIONS—*when refusal as to credibility of employes erroneous.* Held, error to refuse to instruct the jury that they had no right to disregard the testimony of a witness simply because he is an employe of either party.

5. INSTRUCTIONS—*when refusal as to anticipation of dangers erroneous.* Held, error to refuse to instruct the jury that the defendant traction company need not be on guard against danger not reasonably to be expected, and that the motorman, on the occasion

in question in this case, need not have anticipated such danger or regulated his conduct with reference to the conduct of others not reasonably to be anticipated under the circumstances in evidence.

6. INSTRUCTIONS—*when refusal as to definition improper.* A tendered instruction containing a correct definition of ordinary care and prudence should not be refused if the court in no other instruction has defined ordinary care and prudence.

Action in case for personal injury. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed February 15, 1910.

MARK E. GUERIN and FERDINAND GOSS, for plaintiff in error; JOHN A. HARRINGTON, of counsel.

FRANCIS X. BUSCH and FRANK A. ROCKHOLD, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

As is unfortunately usual in personal injury cases, the evidence in this case is in direct conflict. If plaintiff's version be correct, he had driven from the west to the east side of Cottage Grove avenue between 27th and 28th streets and was driving on defendant's north-bound track. He had a clear view of defendant's south-bound car. When it was 200 feet away from him (he being then 50 feet south and the car 100 feet north of 27th street), he turned his horse toward the northwest, intending to go west on 27th street; defendant's motorman, who could and should have seen plaintiff's actions, drove his car across 27th street without any slackening of its fast speed, and struck the wagon, throwing plaintiff off and causing permanent injuries. Plaintiff testified that he had calculated that he could get across the west track if defendant's south-bound car slowed down.

On the other hand, defendant's version is that though the motorman had seen plaintiff's wagon between 27th and 28th, a north-bound car obstructed the

view; that the south-bound car was only 30 to 35 feet away when the horse's head appeared behind this north-bound car, not south of but in 27th street, too near to prevent a collision if plaintiff kept on; that being on half speed, six to seven miles an hour, he did not slow down for the 27th street crossing.

The verdict for plaintiff for $1,000 as rendered, or a verdict for defendant if one had been rendered, based respectively on defendant's negligence or lack of negligence and on plaintiff's observance or failure to observe due care, would, so far as the evidence is concerned, be sustained in this court. In other words, the preponderance on both points, and particularly on the question of plaintiff's care, is not so clear that this court would, on this ground, have been justified in reversing a judgment based on a verdict for either party.

When the evidence is so conflicting, the greatest care must be exercised in instructing the jury fully and fairly on all the issues; in any event, in not refusing to give proper instructions requested by either side. Failure so to do necessitates a reversal, inasmuch as we should then have to say that the "judgment resulted from substantial errors of said Municipal Court directly affecting the matters at issue between the parties." Mun. Court Act, sec. 23, par. 7.

In our judgment, while no error was committed in giving the instructions requested by plaintiff or in refusing certain instructions requested by defendant hereinafter referred to, defendant's rights were seriously impaired by the refusal to give some of the instructions requested by it.

While the usual instructions in such cases, cautioning the jury against prejudice or sympathy or different treatment of individuals and corporations, directing them not to allow plaintiff anything through mere guess, conjecture or speculation, and advising them of their right to reject the entire testimony of a witness who has wilfully and knowingly sworn falsely to a

material point, would, in our opinion, have been eminently proper in this case, we cannot say that the refusal to give them is such material error as to justify a reversal.

Whether the error in refusing to instruct that the law did not require the motorman to exercise a higher degree of care for the plaintiff than it required the plaintiff to exercise for himself, would, of itself, compel a reversal, is more doubtful, although, especially in view of the plaintiff's own testimony as to his knowledge of the chance he was taking, the instruction should have been given.

In Chicago City Ry. Co. v. Strong, 127 Ill. App. 472, the refusal to give a similar instruction, as well as the refusal to give other proper instructions, was the ground of reversal.

The instruction that the jury had no right to disregard the testimony of a witness simply because he was or is an employe of either party, not only stated a correct legal proposition but, in view of the direct conflict in the testimony between plaintiff and the motorman, was of the utmost importance to defendant.

So too instructions that the company need not be on guard against dangers not reasonably to be expected, and that this motorman on this occasion need not have anticipated such dangers or regulated his conduct with reference to the conduct of others not reasonably to be anticipated under the circumstances in evidence, should have been given, inasmuch as defendant was entitled to have the jury instructed on the law applicable to its theory of the case, namely, that plaintiff suddenly emerged from behind a north-bound car and crossed west when the car that struck him was only 30 or 35 feet away. Chicago Union Traction Co. v. Browdy, 206 Ill. 615. In our judgment this legal principle was not stated in any of the given instructions.

Nowhere did the court define ordinary care and pru-

dence. A tendered instruction containing a correct definition should not have been refused.

For the errors in refusing proper instructions, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*