# Milton C. Schenck, Appellant, v. Chicago Railways Company, Appellee.

## Gen. No. 23,779.

1. NEGLIGENCE, § 205*—*when issue of wantonness is not submitted to jury.* Where, in an action to recover for personal injuries one count of which sets up wantonness, the only reference made in the instructions to wantonness is in one of defendant's instructions, the issue of wantonness was not submitted to the jury, and the fact that such issue was ignored in defendant's instructions cannot be urged as a ground for reversal.

2. ROADS AND BRIDGES, § 231*—*when driver of vehicle required to signal intention of crossing street car track after turning.* A municipal ordinance providing that no vehicles standing at or drawn alongside the curb shall start to turn therefrom until the driver shall have given a signal which can be seen from the rear of the vehicle from the side towards which he is about to turn, which sign shall indicate his intention to start to turn from the curb in the direction in which the turn is to be made, *held* to require one driving a vehicle anywhere between the car track and the curb to signal his intention to cross the track.

3. STREET RAILROADS, § 141*—*when instruction on duty not to unduly obstruct street car traffic by wagons is not erroneous.* In an action to recover for personal injuries from a collision between a street car and a wagon, alleged by plaintiff to have been caused by the car striking his wagon as he was driving from the track after signaling his intention to the motorman, and alleged by defendant to have been caused by plaintiff's driving on the track immediately before the car, it is proper to tell the jury that in determining whether the motorman was operating the car at and before the accident with ordinary care, they should take into consideration the law which prohibits wagons from unduly obstructing street car traffic, even though they are not told that this law is to be considered in connection with plaintiff's conduct as well.

4. STREET RAILROADS, § 86*—*when recovery may be had for injuries due to collision of street car with wagon.* In an action for personal injuries received in a collision between plaintiff's wagon and defendant's street car, to recover, plaintiff must have been in the exercise of ordinary care for his own safety, and, to excuse defendant from liability, it would also have to have exercised ordinary care, but ordinary care on the latter's part would require

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

more precautions than would be required of plaintiff.·

5. STREET RAILROADS, § 141*—*when instruction on respective duties of driver of wagon and motorman to avoid collision is misleading.* In an action to recover for personal injuries received in a collision between plaintiff's wagon and defendant's street car,· it is reversible error to instruct the jury that plaintiff "was just as much in duty bound to exercise ordinary care to look out for the approaching car and to avoid a collision between said car and the wagon which plaintiff was driving, at the time and place in question, as the motorman in charge of said car was to look out for and to avoid colliding with said wagon. One was not held in law to any higher degree of care than the other," as tending to mislead the jury as to the character of the precautions which plaintiff was required to exercise and as being susceptible of the construction that the plaintiff, to be in the exercise of ordinary care for his own safety, was required, under the law, to take the same precautions as defendant was required to take in order to be in the exercise of ordinary care.                                    .    ·

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed June 19, 1918.

QUIN O'BRIEN and WILLIAM B. O'BRIEN, for appellant.

FRANK L. KRIETE and WILLIAM H. SYMMES, for appellee; J. R. GUILLIAMS and ROBERT J. SLATER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Milton C. Schenck brought suit against the Chicago Railways Company to recover damages for personal injuries. The case was tried before the court and jury; there was a verdict and judgment in favor of the defendant, to reverse which plaintiff prosecutes this appeal.

The record discloses that on October 14, 1914, at about 4:30 o'clock, p. m., plaintiff was driving a one-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

horse wagon east in Harrison street, when an east-bound car of the defendant struck the rear end of the wagon and threw plaintiff to the brick pavement, severely injuring him. The declaration consists of three counts. The first two charge the defendant with negligence in the operation of its car. The third count alleged that after the danger of the collision was apparent the motorman recklessly and wantonly, and without regard for plaintiff's safety, ran the car against the wagon.

Plaintiff was driving a covered, inclosed wagon drawn by one horse and turned east into Harrison street, an east and west street, at Albany avenue. Defendant operated a double street car track in Harrison street. Plaintiff's evidence tended to show that as he turned into Harrison street he looked for but saw no street car; that he proceeded east in Harrison street driving on the south or eastbound track; that the wheels of the wagon were tracking in the rails; that after he had driven a distance of about 300 feet he heard a loud explosion and leaned out of the side of the wagon and looked back and saw the car about 50 or 60 feet back of the wagon; that he immediately held out his hand in signal and turned his horse out of the track to the north; that when the front wheels were off the track to the north the car struck the wagon on the rear left-hand corner; that the impact broke the glass windshield in front of plaintiff's face; that his face and hands were cut by the shower of glass; that he was thrown on the brick pavement and severely injured; that the horse and wagon, by reason of the collision, were turned around facing west; that the rear end of the car when it stopped was 50 or 60 feet past the wagon. The evidence further tended to show that the brick pavement in Harrison street was dug out in places and broken into ruts. Plaintiff at the time was proceeding to deliver some goods which he was selling to a family that lived on the north side of

Schenck v. Chicago Railways Co., 211 Ill. App. 466.

Harrison street almost opposite the place where the accident occurred.

The defendant's theory was that the wagon was being driven in Harrison street, not in the eastbound track, but in the roadway between that track and the curb; that there was sufficient room for a car to pass the wagon, but when the car was about 35 feet from the wagon plaintiff suddenly and without warning pulled his horse north across the track in front of the car.

The undisputed evidence was that there was no other traffic in the immediate vicinity and nothing to obstruct the view. The evidence also tended to show that the car was running about 18 miles per hour, and that the motorman did all in his power to stop the car when it was about 35 feet from the wagon. The evidence also tended to show that the motorman had been sounding his gong as he approached the scene of the accident, although the plaintiff testified he did not hear it.

Plaintiff contends that the verdict is so contrary to the weight of the evidence that it clearly indicates that the jury were animated by passion and prejudice. Since the case must be reversed and remanded we express no opinion on the weight of the evidence.

Plaintiff also argues that there is reversible error in the record for the reason that the instructions given on behalf of the defendant ignored the third count of the declaration, which alleged wantonness; that the instructions were on the theory that if plaintiff was guilty of contributory negligence he could not recover; that this is no defense to the charge made in the third count. It is further argued that there is evidence to support this count, and that this was the view of the trial court as shown by the court's refusal of defendant's motion to instruct the jury to find the defendant not guilty under this count. It is true that instructions were given on behalf of defendant that told the jury that plaintiff could not recover if he was guilty of contributory negligence. But the difficulty with plaintiff's

position is that in the instructions given on his behalf the third count is entirely ignored, all of his instructions being based on the first and second counts, in each of which it was averred that plaintiff was in the exercise of ordinary care. In fact the question of wantonness seems to have been abandoned. The only instruction in which it was referred to was one given on behalf of the defendant, but in no place was the jury told what would constitute wantonness. We think this question of wantonness was not submitted to the jury and therefore cannot be urged here.

Complaint is also made to the giving of instructions 25, 32, 33 and 27 offered on behalf of the defendant.

It is said that instruction 25 is erroneous for the reason that the ordinance on which it was based could not apply to vehicles, unless they were on the "extreme side of the street turning from alongside of the curb, and especially to those standing at the curb and turning as they start to move therefrom." The ordinance provided, in substance, that no vehicles standing at or drawn alongside of the curb of any street shall be permitted to start to turn from such curb until the driver shall have given a signal which can be seen from the rear of the vehicle from the side towards which he is about to turn, which sign shall indicate the driver's intention to start to turn from the curb in the direction in which the turn is to be made. We think this ordinance requires a person driving a vehicle anywhere between the street car track and the curb, who is about to cross the track, to signal his intention.

It is urged that instruction 32 is erroneous, because the first part of it is too broadly stated; that it implies that the public has no right to freely use that part of the street occupied by the tracks without becoming in a sense a trespasser. The instruction told the jury that in determining whether the motorman at and before the time of the accident was operating his car with ordinary care, they should take into consider-

ation the fact that a street car company, because of the inability of its cars to turn out, and because of its convenience to the public as a carrier of passengers, is entitled to a right of way superior to other vehicles over that portion of the street occupied by the tracks, except at street intersections, and that this rule of law together with all the other facts and circumstances should be taken into consideration in determining whether the motorman was in the exercise of ordinary care. We have given this instruction most careful consideration, and have come to the conclusion that in a great many cases it is inapplicable and may be misleading, but we are of the opinion that in the instant case it was proper to tell the jury that in determining whether the motorman was operating his car at and before the accident with ordinary care, they should take into consideration the law which says wagons and other vehicles are not to unduly obstruct street car traffic. This knowledge of the law in the mind of the motorman might be an important element in determining the manner in which he operated the car. It is also said that the instruction is wrong in telling the jury they should consider this rule of law in determining the conduct of the motorman, while it should also be considered in connection with the conduct of plaintiff as well. This instruction did not direct a verdict and did not purport to completely set forth the law on this point. We think the omission, if any, in no way injuriously affected the plaintiff.

It is contended that instruction 27 is erroneous. It told the jury "that the plaintiff was just as much in duty bound to exercise ordinary care to look out for the approaching car and to avoid a collision between said car and the wagon which plaintiff was driving, at the time and place in question, as the motorman in charge of said car was to look out for and to avoid colliding with said wagon. One was not held in law to any higher degree of care than the other." It is

said that the undisputed evidence shows that plaintiff was riding in a covered and inclosed wagon; that it was a rear end collision; that the wagon was in plain view of the motorman, but the street car was not in plain view of the plaintiff; that under these circumstances the instruction was highly misleading; that there was a conflict in the evidence as to whether plaintiff stuck his head out of the side door of the wagon, looked back and signaled that he was about to turn; that by this instruction the jury might well believe that plaintiff was required "to look out"; that this was too narrow a view to take, as the jury might reasonably understand that plaintiff was required to beware of the approaching car and must physically look out of the side door. It is further contended that this instruction is misleading and vicious because it, in substance, told the jury that the motorman in driving a powerful electric car towards the inclosed wagon was not held to any higher degree of care than the driver of the wagon, and that this instruction was condemned by this court in *West Chicago St. R. Co. v. Callow*, 102 Ill. App. 325, where it was held not error to refuse it, and it was there pointed out that one driving a heavy electric street car was required to take more precaution so as to be in the exercise of ordinary care than one who was walking across the street.

.We think the jury might understand that plaintiff was required to physically stick his head out of the side of the wagon and look out in a literal sense. As to the other objection we think the instruction is also erroneous, for it might be understood to mean that plaintiff was required under the law to take the same precautions, in order to be in the exercise of ordinary care for his own safety, as defendant was required to take in order to be in the exercise of ordinary care. Manifestly this is incorrect. Of course plaintiff to recover would have to be in the exercise of ordinary care for his own safety, and, in order to excuse the de-

fendant from liability, it would also have to be in the exercise of ordinary care—not guilty of negligence. But to be in such degree of care, the defendant, under the circumstances, would be required to take more precautions than the plaintiff. The cases of *Weske v. Chicago Union Traction Co.*, 117 Ill. App. 298; *Chicago City Ry. Co. v. Strong*, 127 Ill. App. 472, and *Olsen v. Chicago City Ry. Co.*, 153 Ill. App. 75, cited by the defendant, are not in point. In the first two of these cases the vehicle in which the plaintiff was riding and the street car that collided with it were driving at right angles, and in the *Olsen* case, *supra*, the vehicle and car were approaching each other, while in the instant case the car was coming from behind the vehicle. The evidence on the vital point was highly conflicting, and the jury should have been accurately instructed.

Complaint is also made of other instructions given on behalf of the defendant on the ground that they limited the time in which the defendant was required to be in the exercise of ordinary care to the time of the collision. These omissions or errors, if any, together with others complained of, can be obviated on a retrial of the case.

For the giving of instruction 27, the judgment of the Superior Court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*