John McNulta, Receiver Calumet Electric, v. Martin Jenkins and Francis McGlasson, Adm. Estate of Martin Jenkins, Deceased.

91    309
105    4582
91    309
107    2226

1. ORDINARY CARE—*On the Part of Parents, a Question of Fact.*— Whether the parents of a child, killed by a street car, were guilty of such negligence in the care of the child as contributed to its death, is a question for the jury.

2. INSTRUCTIONS—*Omission of Facts Essential to a Recovery.*—Where an instruction informs the jury that the plaintiff may recover if they believe from the evidence certain facts stated in such instruction, if other facts essential to a recovery are omitted, such instruction is fatally erroneous, and is not cured by other instructions given in the same series.

3. SAME—*The Law Applicable to Different Questions Involved Need Not be Stated in a Single Instruction.*—The law applicable to different questions involved in the action may be stated in separate instructions. In such cases the instructions supplement each other, and if they present the law fairly when reviewed as a series, it will be sufficient.

4. SAME—*When an Instruction Must Contain All the Facts.*—If an instruction directs a verdict for either party, or amounts to such a direction in case the jury find certain facts, it must necessarily contain all the facts which will authorize such a verdict.

5. SAME—*Assessment of Damages in Actions to Recover in Cases of Death from Negligent Acts.*—In an action to recover damages sustained by reason of the death of a person from negligence, the court should limit the jury to the assessment of such damages as they find from the evidence the next of kin have sustained.

**Trespass on the Case.**—Death from negligent acts. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded with directions. Opinion filed October 4, 1900.

KENESAW M. LANDIS, attorney for plaintiff in error.

J. WARREN PEASE and McGLASSON & BEITLER, attorneys for defendants in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Defendants in error, as administrators, sued plaintiff in error for negligently causing the death of their intestate, a child between two and three years of age. Plaintiff in error was sued as the receiver of the Calumet Electric Street Railway Co. The evidence shows that the deceased was killed in the afternoon of May 5, 1898, about five o'clock, by one of the street cars of the street railway company mentioned, on Sixty-seventh street, in the city of Chicago.

On the question of the defendant's negligence, the evidence is such that had a verdict been rendered for the defendant, we could not set it aside as being against the weight of the evidence.

After carefully reading the evidence, we think it a very serious question, which, however, we are not now called on to decide, whether the proof shows negligence in the management of the car which would warrant a recovery. In this state of the case it was highly important that the instructions to the jury should be accurate. Chicago C. Ry. Co. v. Canevin, 72 Ill. App. 81, 83, and cases there cited.

The question whether the parents of the deceased child exercised reasonable or ordinary care for its safety, was a material question in the case, and there is evidence tending

to show a want of ordinary care on the part of the mother of the child. The court, in some of the instructions, recognized that the exercise of reasonable care on the part of the parents was an important question in the case.

Instructions one and five, given at the request of defendants in error, are as follows :

1. "If the jury believes from all the evidence and under the instructions of the court that at and immediately before the time of the accident, the motorman was driving said street car at a dangerous rate of speed under the circumstances, and that he was careless and negligent in so doing, and that such carelessness and negligence was the direct and proximate cause of the injury to deceased, then, in such case, the jury should find the defendant guilty."

5. "If the jury believe from all the evidence and under the instructions of the court that at and immediately before the time of the accident, the servant of the defendant in charge of said car was not keeping a reasonable and careful lookout ahead of said car, and that he was negligent in failing to keep such reasonable lookout, and that said negligence was the immediate and proximate cause of the injury to the deceased, then the jury should find the defendant guilty."

The essential element of care on the part of the parents of the child is omitted from each of these instructions, and the instructions are, for that reason, erroneous. The motorman may have been negligent in driving the car at a dangerous rate of speed, and this may have been the proximate cause of the injury; or he may have been negligent in not keeping a reasonable and careful lookout ahead of the car, and such negligence may have been the proximate cause of the accident, and yet the parents may have been guilty of such negligence in the care of the child as contributed to the injury, which would preclude a recovery. Whether they were guilty of such negligence was a question for the jury; but under either of the instructions quoted, *supra*, the jury would have been warranted in omitting altogether, consideration of the care of the parents.

It is urged that the evidence was insufficient to warrant the conclusion that the parents were not, at the time of the injury, exercising reasonable care of the child, but this is

not a question which we can decide on this appeal. It is, in the first instance, a question for the jury.

It is further urged by counsel for defendants in error that the court, in other instructions, informed the jury that there could be no recovery if the jury believed from the evidence that the parents were guilty of negligence in failing to care for the child, which negligence contributed to the injury.

The rule which we deduce from the decisions of this State is, that if an instruction informs the jury that the plaintiff may recover if the jury believe from the evidence certain facts stated in the instruction, and the instruction omits any fact essential to a recovery, the instruction is fatally erroneous, and can not be cured by another instruction in the series of instructions given. The reason is that the jury may, as they would be warranted in doing, consider the evidence solely with reference to the erroneous instruction, and if they found the facts stated in that instruction proved, find for the plaintiff.

In Pardridge v. Cutler, 168 Ill. 504, 513, the court say:

" The law applicable to different questions may be stated in separate instructions, and the entire law applicable to all the questions involved in a case need not be stated in each. In such case the instructions supplement each other, and if they present the law fairly, when reviewed as a series, it will be sufficient. But if an instruction directs a verdict for either party, or amounts to such a direction in case the jury shall find certain facts, it must necessarily contain all the facts which will authorize the verdict directed."

In the same case the court further say:

" There were other instructions given at the request of the defendant, stating different rules, but they were simply contradictory of this one, and it was left to the jury to choose which one they pleased as their guide. Here was an instruction substantially directing a verdict, regardless of defenses, which there was evidence fairly tending to prove, and the error in such an instruction is not obviated by giving conflicting instructions."

In instruction 2, given for the plaintiff, in regard to the assessment of damages, the court should have limited the

jury to the assessment of such damages as they should find from the evidence the next of kin had sustained, if any.

Instruction 4, given by the court at the plaintiff's request, is obnoxious to criticism.

The judgment will be reversed and the cause remanded.