## Chicago General Ry. Co. v. Anton Novaeck.

1. INSTRUCTIONS—*Not to be Misleading.*—An instruction stating to the jury that they are the judges of the facts in the case, is misleading as leaving them free to consider facts not proved by the evidence, but of which they may have been informed in some other way.

2. JURY—*Province of, in Civil Cases.*—It is the province of the jury to ascertain, as far as possible, what the facts are, and when they have done so, to render their verdict in accordance with the facts so found and the instructions of the court. The jury are the judges of the evidence, but when the facts are found from the evidence, it becomes a question of law on the facts so found, whether or not the plaintiff is entitled to recover. The jury are enabled by the instructions of the court to apply the law to the facts found by them and to render their verdict, but the court and not the jury is the judge of the legal effect of any fact found by the jury.

Trespass on the Case, for personal injuries. Error to the Circuit Court of Cook County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed March 25, 1901.

DEFREES, BRACE & RITTER, attorneys for plaintiff in error.

E. L. RINEHART, attorney for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment recovered by defend-

ant in error against plaintiff in error for damages alleged to have been occasioned by negligence of plaintiff in error. The evidence shows that the plaintiff in the trial court was driving his wagon south toward Twenty-second street along Leavitt street, in the city of Chicago, on the west track of two street car tracks in that street, November 4, 1896, about the middle of the afternoon.

The defendant (plaintiff in error here) had two car tracks in Twenty-second street, in which it was operating cars. Twenty-second street runs east and west and intersects Leavitt street, a north and south street. As the plaintiff was approaching Twenty-second street, a car of the defendant, operating by electricity, was approaching Leavitt street on the north track of two street car tracks in Twenty-second street, and as the plaintiff's wagon got on the track on which the street car was running, the car collided with the plaintiff's wagon and upset it, injuring the plaintiff, his wagon and its contents. The negligence averred in the declaration is that " one of defendant's train of cars, then going west, approached plaintiff and his wagon and horses at a dangerous, reckless and improper speed, and with great force and violence ran into and against plaintiff's wagon and overturned the same."

It is also averred " that the position of plaintiff with said wagon and horses, as he approached the track, and while on the track of defendant, and the great peril he was in if defendant did not slack or stop its train, were open to the view of the motorman operating said train and were seen by him, or, in the exercise of ordinary care, could have been seen by him in ample time to have avoided said collision," etc.

The plaintiff, Novaeck, testified that there is a brick building, a block, four stories high, at the northeast corner of Twenty-second and Leavitt streets, and that there was an awning extending out about four feet from the building on the northeast corner; that when he first saw the car the team was on the track; that then the car was a little over twenty-five feet away; that when he saw the car

he tried to get off by making the team go, but couldn't make it move, or back, or go ahead; that he was hallooing at the horse to get ahead, so that he could clear the tracks; that, so far as he saw, the motorman was trying to stop the car, but could not; that he saw him put on the brakes. Plaintiff further testified that he could see the car coming from the east just as quick as the motorman could see him. He also testified that the car must have been running over ten miles per hour, but it is obvious that under the circumstances he was not in a position to observe the speed of the car with any degree of accuracy. His evidence shows that his attention and efforts were directed to urging his team so as to get off the track.

John W. Rae, a witness for plaintiff, testified that he saw the approaching car, that it began to slack down to make half speed about thirty feet east of Leavitt street, and immediately afterward he heard the brakes thrown on for a quick stop. This witness also testified that the car shoved the wagon about three or four feet before the latter tipped and then ran three or four feet more and stopped, making six to eight feet in all, after the collision.

Adam Gzaja, a witness for plaintiff, testified that he was talking with a man at the corner and first saw the car when it was about fifteen feet from Leavitt street, and that it was moving at about the rate of fifteen miles per hour; that it was going at the same rate of speed as though it started from one corner and ran through the block. This witness, who first saw the car approaching toward him when it was only fifteen feet east of Leavitt street, had certainly but small opportunity to judge of its speed, in running from the point where he first saw it till it collided with the wagon. But he says it was going at the same rate of speed as though it started from one corner and ran through the block, which, if it means anything, means that the car was running at the usual rate of speed.

We are of opinion that the evidence wholly fails to support the view that the accident occurred by reason of the defendant's car being propelled at a dangerous or reckless

Chicago General Ry. Co. v. Novaeck.

rate of speed, and also fails to support the averment that the motorman saw, or by the exercise of ordinary care might have seen the plaintiff in time to have avoided the accident. The evidence is that he did all he could to stop the car. There is no evidence of negligence on the part of the motorman in not seeing the plaintiff or his team sooner than he did, and plaintiff's own evidence is that after the motorman discovered his, the plaintiff's, situation, he did all he could to stop the car, but could not.

The evidence tends strongly to support the view that the accident occurred by reason of the plaintiff's horses balking just when they had crossed the track and drawn the wagon onto it. The court, at plaintiff's request, gave to the jury this instruction:

" The court instructs the jury that they are judges of the facts in this case."

It is the province of the jury to ascertain from the evidence, as far as possible, what the facts are, and when they have so ascertained the facts, to render their verdict in accordance with the facts and the instructions of the court. The jury are judges of the evidence, but when the facts are found by the jury from the evidence, it becomes a question of law on the facts so found, whether or not the plaintiff is entitled to recover, and the jury are enabled by the instructions of the court, to apply the law to the facts found by them, and render their verdict; but the court, not the jury, is the judge of the legal effect of any fact found by the jury. The meaning of the court in giving the instruction probably was that the jury are judges of the evidence, but the instruction does not refer to the evidence, and the jury are not judges of the facts which they find from the evidence, but are bound to apply the law to the facts found as instructed by the court. The instruction is misleading, as leaving the jury free to consider facts not proved by the evidence, but of which they may have been informed in some other way.

In C., B. & Q. R. R. Co. v. Greenfield, 53 Ill. App. 424, this instruction was given:

" The jury are instructed that the questions of care or want of care, and the negligence or want of negligence of the defendant and the deceased, are questions of fact for the jury to decide under all the evidence in the case, and all facts and circumstances as shown by the evidence."

It will be observed that no reference to instructions is contained in the instruction. The court held the instruction was misleading, and said :

" The only tendency of this instruction would be to impress upon the jury their supremacy on these questions."

The judgment will be reversed and the cause remanded.