## Chicago City Ry. Co. v. Thomas D. Mauger.

1. INSTRUCTIONS—*Declaring Liability or Freedom from Liability.*— Any instruction by which the court assumes as a matter of law to direct a verdict for either party or to declare the liability, or freedom from liability, of either party in the action, must embrace all the evidence which, under the pleadings and the evidence, are essential to a verdict.

2. SAME—*Referring to Case as Alleged in the Declaration.*—It is the duty of the trial court to point out what are the issues of fact which the jury are to try. A mere reference to the declaration as containing a statement of the plaintiff's case, is not a pointing out of either the issues to be tried or the plaintiff's case. The giving of such an instruction is error.

3. STREET RAILROADS—*Superior Right to Portion of Street Occupied by Tracks.*—The interests of the public require that the cars of a street railroad shall not be unreasonably delayed by the conduct of others using the street. For this purpose and to this extent the general right of the company over that portion of the street where the tracks lie is superior to that of other persons using the streets.

4. DAMAGES—*Plaintiff Not Entitled to Damages for Mere Humiliation or Mental Annoyance.*—In an action predicated upon negligence to recover for personal injuries thereby sustained, a plaintiff is not entitled to damages for mere humiliation or mental annoyance which he may suffer on account of bodily injuries. Instructions stating the elements of suffering or loss on account of which a plaintiff is entitled to recover should not be so drawn as to include mental humiliation.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed January 30, 1903.

WILLIAM J. HYNES, JOHN B. BRADY and C. LE ROY BROWN, attorneys for appellant; MASON B. STARRING, of counsel.

J. D. RILEY, attorney for appellee; RUFUS COPE, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from a judgment for $8,000 rendered in a personal injury suit. An accident happened on the first of August, 1899, appellee then being in the service of Irwin Brothers, whose place of business was at numbers 334 and

336 Clark street, Chicago, being near Harrison street and about 600 feet south of VanBuren street.

Appellee contends that upon the morning of August 1st he had delivered one load of meat for his employers, and between seven and eight o'clock was returning to the place of Irwin Brothers with his empty one-horse wagon to get a second load, and driving south on Clark street along and over the west track of the street car company; when he arrived at Irwin's meat market, in order to get his wagon into a position to receive another load, it was necessary for him to back from the car track to the sidewalk into a vacant space between other wagons standing there, one a wagon belonging to Swift Brothers and the other a delivery wagon of Irwin Brothers; that, as he approached Irwin's place, he threw the wheels on the right hand side of his wagon just outside the car track and immediately in front of Irwin's meat market; that he began to turn his horse, first having cast his eye back along the track to see if any car was near; that seeing none, he swung the horse sharply to the right and proceeded to back his team; that then, still remaining on the track, he straightened his horse, and moving forward two or three feet in order to avoid hitting the wagon in his rear, swung his horse sharply to the right, and continuing his effort to back in, had got his wagon off the track, except the north or left front wheel, which was still on the track, when his wagon was struck by appellant's motor car, proceeding southward on the track over which he had just driven; and by force of the contact of the motor car with his wagon, he was thrown from his seat on the wagon to the street.

The distance from the curb line of the street in front of Irwin's meat market to the first rail of appellant's west track is 16.2 feet. Appellant contends that just before the wagon upon which appellee was seated was struck by the car, the wagon was standing in front of Irwin's store, and when appellant's train of cars was about forty feet from the place of the accident, appellee drove his horse out from the sidewalk and onto the track; that appellee then

saw the approaching car and made a futile attempt at moving his horse and wagon out of the way; that appellant's train was running at from five to eight miles an hour, and as soon as the motorman saw appellee attempting to drive upon the track, he rang the gong upon the car and shouted to plaintiff to get out of the way and immediately applied the brakes, reversed the power and made every effort to stop the train; that it had rained the night before and the track was very slippery and gummy; and notwithstanding the utmost effort by the motorman to stop, the condition of the track was such that the train could not be stopped until the motor car came in contact with the front wheel of appellee's wagon, shoving it for a distance of seven or eight feet; that the cars were moving very slowly when the wagon was struck, and practically nothing, by the contact, was damaged about the wagon; that the wagon was pushed with some little force, and as the car, or immediately after the car and wagon stopped, the plaintiff slid or fell from his seat on the wagon to the ground. No bones of the plaintiff were broken and he sustained no dislocations of ligaments, tendons or muscles.

The evidence adduced in support of the conflicting theories of appellant and appellee, left the question of the cause of the accident, that is to say, the alleged negligence of appellant, and the exercise of ordinary care by appellee, in great doubt; so that the jury should have been carefully and correctly instructed as to the issue they were to try and the law bearing upon the evidence.

At the instance of appellee the court gave to the jury the following instruction :

" It is the duty of a street railway company to exercise ordinary care to avoid injury to persons who may be rightfully driving on or along its tracks; and it is the duty of persons driving in front of approaching cars not to unnecessarily delay such cars, but to exercise care to get out of the way of an approaching car; and if the jury believe from the preponderance of the evidence that the plaintiff was driving along the track of the defendant and undertook to back off of said tracks to a position along the sidewalk,

then whether the plaintiff, under the circumstances, exercised ordinary care or not, to get out of the way of the approaching car, is a question of fact to be determined by the jury from the preponderance of the evidence; and if the jury believe from the preponderance of the evidence that the plaintiff did exercise ordinary care in that regard, and that the defendant was negligent, as charged in the declaration, and the plaintiff was injured in consequence thereof, then the defendant is liable for such injury."

The instruction, as it did, having stated that if certain facts were found, the defendant was liable for the injuries occasioned by the accident to the plaintiff, the instruction should have contained all the facts which would authorize the verdict, in effect, directed by the instruction. Any instruction by which the court assumes as a matter of law to direct a verdict for either party or to declare the liability or freedom from liability of either party in the action, must embrace all the evidence which, under the pleadings and the evidence, is essential to a verdict. Pardridge v. Cutler, 168 Ill. 504–513; Lake Erie & Western R. R. Co. v. Wilson, 189 Ill. 89; Chicago City Ry. Co. v. Dinsmore, 162 Ill. 658; McNulta v. Jenkins, 91 Ill. App. 309; C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248.

It is fundamental that in an action predicated upon negligence of the defendant, a plaintiff can not recover if he failed to exercise ordinary care and such failure contributed in any way to the accident. Under the evidence in this case the question as to the exercise of ordinary care by the defendant was not merely whether he exercised ordinary care to get out of the way of the approaching car, but also whether, in getting in the way of appellant's car, he was exercising ordinary care. There would have been no necessity for his exercising any care to get out of the way of the approaching car, if he had not first gotten into its way. The instruction under consideration declares that if appellee exercised ordinary care to get out of the way of the approaching car—that is to say, it tells the jury that if they believe from the preponderance of the evidence that the plaintiff did exercise ordinary care in that regard, and that

the defendant was negligent, and the plaintiff injured in consequence of such negligence of the defendant—then the defendant is liable for such injury. As before stated, the plaintiff was bound to exercise ordinary care as to his being in the way of appellant's approaching car and he was bound to exercise ordinary care in looking out for the approach of appellant's cars. The place where the injury occurred was not a street crossing; and as appellant's cars can not leave the fixed track upon which they run, it was the duty of appellee to exercise ordinary care not to be in the way thereof and so hinder and delay cars in proceeding at such rate of speed as they are authorized to do by the ordinances of the city. The interests of the public required that appellant's cars should not be unreasonably delayed by the conduct of appellee. For this purpose and to this extent the general right of appellant over that portion of the street where the injury occurred was superior to that of appellee. N. C. Elect. Ry. Co. v. Peuser, 190 Ill. 67.

The instruction is also objectionable as giving the jury to understand that whether the plaintiff, in what he did, exercised ordinary care, is a question solely of fact. To be sure the word solely is not used, but the statement that it is a question of fact had a tendency to leave in the minds of the jury the impression that it was one purely of fact. Such an instruction is condemned by Mr. Justice Cartwright, in Chicago, Burlington & Quincy Railroad Company v. Greenfield, 53 Ill. App. 424.

The instruction is also objectionable, hypothetically directing, as it does, a verdict for the plaintiff, in that especial attention is called to the theory and evidence of the plaintiff as to the accident, without mention of, or reference to the evidence and theory of the defendant. The court, at the instance of the plaintiff, gave the following instruction :

" The court instructs the jury that if they find from the evidence in this case that the plaintiff has proved his case as alleged in the declaration, by a preponderance of the evidence, then they should find the defendant guilty, and assess the plaintiff's damages, if any, at such sum as you

believe from the evidence will fairly and reasonably com-
pensate him for the injury sustained by him, if any, as the
direct result of the accident in question."

What the jury would, from an examination of the decla-
ration, consider the plaintiff's (his) case, it is impossible to
tell. That he was injured in consequence of the violent
contact of appellant's car with a wagon upon which appel-
lee was seated, was certainly a portion of his case as alleged
in the declaration. That the jury would understand that
necessarily his case embraced more than this, can not be
known.

The Supreme Court of this State has frequently said,
that it is the duty of the trial court to point out what are
the issues of fact the jury are to try. A mere reference to
the declaration as containing a statement of the plaintiff's
case, is certainly for the average juror, not a pointing out
of either the issues to be tried or the plaintiff's case.

It is not always easy for well-educated lawyers, thor-
oughly trained in their profession, to determine accurately
what the case stated by the declaration is; and there are
not wanting instances in which courts have disagreed as to
this.

The giving of an instruction substantially like the one
now under consideration was held error in Chicago, Rock
Island and Pacific Railway Company v. Cleveland, 92 Ill.
App. 308.

In North Chicago Electric Railway Company v. Peuser,
190 Ill. 67, the refusal to give the following instruction was
held to have been in error:

"The jury are instructed that, by reason of its con-
venience to the public as a carrier of passengers, and
because of the inability of its cars to turn out, a street rail-
way company is invested with the right of way over other
vehicles over the portion of street occupied by its tracks,
and it is the duty of the drivers of such vehicles to turn out
and allow its cars to pass, and to use care not to obstruct
and delay the same, and if the jury believe, from the evi-
dence, that the plaintiff, while neglecting such duty, and
failing thereby to use ordinary care for his own safety, was
injured, then he can not recover in this case."

This instruction, or one substantially like this, asked by appellant, should have been given.

In an action predicated upon negligence to recover for personal injuries thereby sustained, a plaintiff is not entitled to damages for mere humiliation or mental annoyance which he may suffer on account of bodily injuries. Instructions stating the elements of suffering or loss, on account of which a plaintiff is entitled to recover, should not be so drawn as to include mental humiliation. It is unnecessary to comment upon the amount of the judgment, as the case is one in which the error in that regard, if any, would not be cured by a remittitur.

The judgment of the Superior Court is reversed and the cause remanded.