## Chicago City Railway Company y. Thomas D. Mauger.

### Gen. No. 12,591.

1. INSTRUCTION—*modification of, as to what jury may consider as law, improper.* While not held prejudicial error, an instruction as follows: "You should consider that only as law which has been given you by the court in the instructions," is improp-

Chicago City Ry. Co. v. Mauger.

erly modified by being made to read: "You should consider that only as law which is not inconsistent with that given you by the court in the instructions."

2. IMPEACHMENT—*when written document competent by way of.* Contradictory statements in writing may be employed to impeach a witness where the written document containing such statements has been identified by him upon his cross-examination.

3. DECLARATIONS—*when competent; when not.* Declarations with respect to physical ailments, pain, etc., are competent where they form part of the *res gestae;* where, however, declarations are made with reference to an action pending or contemplated or under circumstances which charge them with suspicion, they should *not* be received as evidence.

4. MEDICAL EXPERT—*to what extent expert testimony of, should be limited.* A medical expert should be confined in his testimony to statements with respect to symptoms objective as distinguished from those of a subjective character.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed October 9, 1906.

WILLIAM J. HYNES, J. W. DUNCAN and C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

JEFFERSON D. RILEY, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This case is before us a second time for review. The former judgment was reversed for reasons stated in the 105 Ill. App. 579. It being necessary to remand the cause for a new trial because of erroneous instructions, there was no occasion at that time to consider at length the conflict in the evidence. Upon a new trial with proper instructions and competent evidence, the presumption must be that the jury will correctly determine questions of fact.

It is contended in behalf of appellant that the present verdict and judgment are contrary to the manifest weight of the evidence; that the accident resulted

not from the alleged negligence of appellant, but from a want of ordinary care on the part of appellee. The plaintiff's version is that just before and at the time of the accident he drove south along Clark street, having the wheels of his wagon in the grooves of the street railway tracks, and that having reached his employer's place of business on that street he was backing away from the track in an effort to place the rear end of his wagon against the street curb between two other wagons, and that while thus engaged his wagon was hit by the approaching car, throwing him off and inflicting injuries complained of. On the other hand the defendant contends that the accident occurred because plaintiff suddenly and unexpectedly drove out from the curb and sidewalk directly in front of a car going south, which was then but a short distance away and which struck the corner of the wagon before the car could be entirely stopped. It is impossible within appropriate limits to review in detail the testimony relating to this controversy of fact. If it be true that plaintiff, appellee here, drove suddenly out from the sidewalk in front of the approaching car then only about forty feet away and put his wagon in front of and in contact with it before the car could be stopped in the use of reasonable care and effort by the motorman, it is evident the accident was not the fault of the defendant. We are inclined to the opinion that the greater weight of testimony tends to support this theory. Plaintiff's attorney urges that it is absurd to believe that with his wagon still empty plaintiff would suddenly drive out from the curbing in front of his employer's store without a load. This can scarcely be deemed conclusive, in view of the evidence to the contrary. Plaintiff may have wished to get into a better position for loading, or there may have been other reasons. It is, however, insisted in behalf of defendant that on either version of the facts plaintiff was guilty of contributory negligence in that he failed to look and did not attempt to ascer-

tain whether a car was approaching or not before he placed himself in a position of danger upon the track. The plaintiff testifies that he did look back over his shoulder, but failed to see anything within reasonable distance, and that he began to prepare to back in against the curb when someone shouted "look out," and the car was right upon him. There is no question that in the exercise of ordinary care it was his duty to ascertain whether a car was then so near as to create danger of a collision. The track was straight, the cars seem to have been moving slowly at the point of contact, and there is no question, so far as we can discover, that they must have been in plain sight and within "reasonable distance" at the time he says he looked back. There is evidence tending to show that the tracks were slippery or "gummy" by reason of weather conditions. The wagon was shoved a distance of perhaps eight feet by the mere weight of the car before both car and wagon were stopped, tending to show that there was no severe or violent collision. It is the plain duty of one driving upon a street car track in front of a car approaching, whether near or far, to exercise whatever reasonable care may be necessary to avoid being struck. There is evidence tending to show that in this respect appellee was not entirely free from blame.

It is urged that the court erred in modifying the second instruction given in behalf of appellant. As originally requested the instruction contained the sentence: "You should consider that only as law which has been given you by the court in the instructions." As modified it read: "You should consider that only as law which is not inconsistent with that given you by the court in the instructions." The modification is not an improvement. The jury cannot properly be allowed to speculate as to the law nor be governed by conjectures as to what is or is not inconsistent with the court's instructions.

It is urged that the court erred in excluding a written contradictory statement of a witness who was introduced by plaintiff. This witness testified on the stand that he judged the car was moving about twelve miles an hour and that it proceeded about twenty-five feet after striking the wagon before it was stopped. In an affidavit previously made the witness had stated that the speed of the car was at the rate of six or eight miles an hour and that it shoved the wagon eight or ten feet before it stopped, and also that the horse and wagon were at no time on the track or headed due south, from the time the affiant saw them until the accident occurred. This document was handed to the witness on his cross-examination by defendant's attorneys, and having identified the witness' signatures, one on each page, it was marked for identification. The court then said: ''If you want to ask any questions about that you must use it before the witness goes away, if there is any explanation required of anything you examine him about.'' Subsequently when offered with the evidence of the defense, its introduction was objected to and the court ruled on objection by plaintiff's attorney that it could not be admitted unless counsel on both sides agreed, and the document was excluded. This ruling was, we think, erroneous. The document was admissible, as is said in I. C. R. R. Co. v. Wade, 206 Ill. 523-557, ''not as substantive proof of the truth of such statements,'' (as it contained) ''but as tending to discredit the witness.'' The foundation for its introduction for that purpose having been properly laid by questions to the witness on cross-examination by the defendant's attorneys, ''the proper time to offer the paper as impeaching evidence would be when it came their turn to offer evidence. 1 Greenleaf on Evidence, section 463; 2 Phillips on Evidence, 963.'' Peyton v. Village of Morgan Park, 172 Ill. 102-106. There were other reasons why the document was material to appellant as tending to discredit the

testimony of this witness, who apparently alone testified that the motorman did not use the brake before the collision.

It is urged further that the court erred in admitting self-serving declarations and demonstrations made by the plaintiff to physicians. It appears to be undisputed that whether appellee was, as some of his witnesses declare, thrown with force from the wagon or stepped upon the shaft and slipped thence to the ground, there were no broken bones nor dislocations, and that the external indications of injury consisted mainly of bruises on the back, the right side and of some discolorations of the skin, which, however, was not broken. On the first trial plaintiff testified that the injuries alleged to have been suffered from the accident had destroyed his virility. This testimony it is said was given June 19, 1901. The last trial began June 15, 1905, in the course of which he testified that two children had since been born to him, one of whom was then about two and a half or not over three years old and the other a little over a year old. The evidence of the physician who attended at the births of these children shows the older one to have been born March 20, 1902, just nine months from the date when appellee testified that he was incapable of sexual intercourse. Under these circumstances it is evident that statements of appellee with regard to his physical condition as a consequence of the alleged injuries cannot be regarded as free from suspicion of being influenced by the pending litigation, whether made to a physician or anyone else. In W. C. St. R. R. Co. v. Carr, 170 Ill. 478, it is said: "We think, however, the correct rule to be deduced from that laid down by Greenleaf and most conducive to justice, is that such declarations being in favor of the party making them are only competent when made as part of the *res gestae*, or to a physician during treatment, or upon an examination prior to and without reference to the

bringing of an action to recover damages for the injury complained of, unless the examination should be made at the instance of the defendant with a view to the trial.'' The court quotes with approval what was said in Ill. Cent. Ry. Co. v. Sutton, 42 Ill. 438-441, as follows: ''A physician, when asked to give his opinion as to the cause of a patient's condition at a particular time, must necessarily in forming his opinions be to some extent guided by what the sick person may have told him in detailing his pains and suffering. This is unavoidable and not only the opinion of the expert founded in part upon such data is receivable in evidence, but he may state what his patient said in describing his bodily condition, if said under circumstances which free it from all suspicion of being spoken with reference to future litigation and give it the character of *res gestae*.'' Other cases bearing upon this matter are L. St. Elevated R. R. Co. v. Shaw, 203 Ill. 39; C. & E. I. Ry. Co. v. Donworth, 203 Ill. 192; Bates Machine Co. v. Crowley, 115 Ill. App. 540; McKormick v. West Bay City, 110 Mich. 265; Kath v. Wisconsin Cent. Ry., 99 N. W. Rep. 217. In the light of these decisions and upon principle, we are of opinion that an important part of the expert testimony produced in appellee's behalf should be deemed incompetent. A physician who never treated appellee, but who was employed to examine him solely for the purpose of testifying in his behalf at the trial, testified as to sensitiveness of the plaintiff in certain spots and impaired sensation on one side of appellee's person, which, according to his own evidence in the case, could undoubtedly have been simulated. The admission of the testimony of an expert physician whose examination of the plaintiff was made under such conditions for the express purpose of testifying in his behalf, is of doubtful propriety unless it is clearly confined to conditions such as are commonly called objective, or at least are such that the patient himself would be likely to have no voluntary part in

exhibiting them or simulating ills that in fact do not exist. At all events, to permit such experts to testify to the existence of or loss of sensitiveness when his opinion is based wholly upon what the patient did and said in response to tests, and to permit him to relate what the patient told him, giving to it the weight of his supposedly skilled indorsement, is to make self-serving acts and statements of the patient more effectual in his behalf than they could otherwise be and to give them a fictitious value before the jury. We think the evidence of this character in the record which we need not take time to specify more in detail, admitted over appellant's objection, should have been excluded, and that motions to strike it out were erroneously denied.

It is unnecessary to follow counsel in the discussion of other points presented in the briefs. It follows from what has been said that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*