### Charles R. Maxwell, Appellee, v. Chicago and Eastern Illinois Railway Company, Appellant.

1. INSTRUCTIONS—*when peremptory should not be given.* A peremptory instruction should not be given where the evidence tends to establish all of the averments of the declaration essential to a recovery.

2. INSTRUCTIONS—*upon province of jury erroneous.* The following instruction does not correctly state the province of the jury, and is therefore improper: "The court instructs the jury that the law applicable to this case is given you in the form of instructions, but that you are the sole judges of all questions of fact in this case."

3. INSTRUCTIONS—*when refusal of upon credibility of plaintiff*

Maxwell v. C. & E. I. Ry. Co.

*erroneous.* *Held,* that the refusal of the following instruction was error: "The jury are further instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right, in weighing the evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit."

Action in case for personal injuries. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the August term, 1907. Reversed and remanded. Opinion filed March 18, 1908.

H. T. DICK and KAGY & VANDERVORT, for appellant; E. H. SENEFF, of counsel.

W. F. BUNDY and FRANK F. NOLEMAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in case, in the Circuit Court of Marion county, by appellee against appellant, to recover for a personal injury sustained by appellee while in the service of appellant as a brakeman on one of its freight trains. Trial by jury. Verdict and judgment in favor of appellee for $7,500.

The declaration charged, in effect, that appellant negligently permitted a ladder attached to its caboose to become detached at the upper end and to be and remain in a defective and dangerous condition; that in the discharge of his duties it became necessary for appellee to use said ladder, and that in attempting to do so, he then being in the exercise of due care and caution for his own safety, the ladder "swung out beneath his weight and he was thrown" upon the track in front of the caboose and both his legs were crushed, the left one being so badly injured that it was necessary to have it amputated above the knee.

The principal questions of fact contested before the jury were: Whether appellant was guilty of the negligence charged against it, and whether appellee was in the exercise of due care and caution for his own

safety. The burden rested upon appellee to establish the affirmative of both these propositions by a preponderance of the evidence.

Counsel for appellant contend that the Circuit Court erred in denying their motion to direct a verdict in favor of appellant. We think this contention is not well based. Appellee testified in his own behalf, as he might lawfully do, and his testimony tends to prove a complete *prima facie* case. "The rule now is that where there is evidence tending to prove all that is required to warrant a recovery, the court should submit the case to the jury, without regard to what the presiding judge may, at the time, think the court would hold as to the weight of the evidence, in case of a motion for new trial." St. Louis National Stock Yards v. Godfrey, 101 Ill. App. 40. Inasmuch as this case must be reversed and remanded for error of law, and may be tried again, we deem it improper to discuss here the question raised as to corroboration and weight of the evidence further than to say that the state of the evidence bearing upon the controlling questions in the case is that of direct conflict and contradiction. The case is a sufficiently "close case" to bring it within the rule requiring that "the jury should be accurately instructed where the evidence is conflicting and the case is close or doubtful." Rumbold v. Royal League, 206 Ill. 513; Perkins v. Knisley, 204 Ill. 275.

At the instance of appellee the court gave the jury three instructions. Counsel for appellant challenge these instructions individually and as a whole. The first one of this series is as follows: "The court instructs the jury that the law applicable to this case is given you in the form of instructions, but that you are the sole judges of all questions of fact in this case."

Instructions the same in effect and much the same in form as the one above quoted, have frequently been under consideration by the courts of this state. In the case of Chicago General Ry. Co. v. Novaeck, 94 Ill.

App. 178 (181), the court gave at the plaintiff's request an instruction as follows: "The court instructs the jury that they are the judges of the facts in this case." This instruction was held to be erroneous, the court, among other things, saying with respect to it: "The jury are judges of the evidence, but when the facts are found by the jury from the evidence, it becomes a question of law on the facts so found  *  *  *; but the court, not the jury, is the judge of the legal effect of any fact found by the jury. The meaning of the court in giving the instruction probably was that the jury are judges of the evidence, but the instruction does not refer to the evidence, and the jury are not judges of the facts which they find from the evidence  *  *  *  ." The court further says that the instruction does not refer to the evidence, and leaves the jury free to find facts not proved by the evidence. The instruction in the case at bar makes the jury "the sole judges of all questions of fact in this case," without referring them in any way to the evidence for their guidance.

In Chicago North Shore St. Ry. Co. v. Hebson, 93 Ill. App. 98 (101), the instruction contained the following language:  *  *  *  "What the facts are is peculiarly a question for the jury. It is the duty of the court to declare the law, and of the jury to determine the facts." The court held this instruction to be erroneous, and in response to counsel's contention that it was cured by five instructions given on behalf of appellant, say: "We do not, however, consider the argument sound, as no one can tell but that the jury followed the instruction which allowed them as wide a field of conjecture and speculation as it was possible for words to give them."

In Chicago Union Traction Co. v. Straud, 114 Ill. App. 479 (483), the instruction was: "The jury are instructed that they are the sole judges of the questions of fact in this case, and the court does not, by any instruction given the jury in this case, intend to

instruct the jury how they should find any question of fact." The court says: "This instruction should not have been given. It has been frequently condemned for its tendency to make the jury feel independent of the court, and find the facts without reference to the proof before them, and without reference to the law of the case. Nor was the vice of the instruction cured by others."

In West Chicago St. Ry. Co. v. Shannon, 106 Ill. App. 120 (128), the instruction was: "The court instructs the jury that they are the sole judges of the questions of fact in this case, and they should determine the same solely from the evidence which has been admitted as evidence by the court." It will be observed that this instruction refers to the evidence and tells the jury "they should determine the facts solely from the evidence * * *," yet the instruction is condemned, the court saying, in substance, while the jury are the sole judges of the evidence, they are not the sole judges of the facts. To the same effect are: C., B. & Q. R. R. Co. v. Greenfield, 53 Ill. App. 424 (429); Chicago City Ry. Co. v. Mauger, 105 Ill. App. 579 (582-3).

Counsel for appellee cite us to the case of North American Restaurant v. McElligott, 227 Ill. 317 (325), as a case sustaining their instruction, and say the two instructions are identical, so far as they are able to gather from the opinion. The writer of this opinion has inspected the record of that case and finds that the instruction in full was as follows: "The court instructs the jury that they are the sole judges of the facts in this case, and of the credit, if any, to be given to the respective witnesses who have testified, and if the jury believe from the evidence that any witness or witnesses in this case have knowingly, wilfully and corruptly testified falsely as to any fact material to the issue in this case, they have the right to entirely disregard the testimony of such witness or witnesses, if any, except in so far as his or their testimony is cor-

roborated by other and credible evidence or by facts and circumstances in evidence.''

In discussing this instruction the court does not sustain the proposition that ''the jury are the sole judges of the facts,'' but recognizes it as incorrect and excuses it in this particular case, because it was not made very prominent and was only preliminary to a correct statement of the law upon another important subject. The language of the court is: ''The statement in the first instruction was only preliminary to a correct statement of the law as to the right of the jury to disregard the testimony of a witness who had knowingly, wilfully and corruptly testified falsely to any fact material to the issue. It gave no prominence to the statement that the jury were sole judges of the facts, and there was nothing in it which would tend to make the jury feel independent of the court or the law. The court should not impress the jury with the idea that they have power to do with the facts as they please, regardless of the law and the legal effect of the facts found.''

While the jury are the sole judges of the credibility of the witnesses and of the weight of the evidence, they are not the sole judges of the ultimate facts. They may, when guided by proper instructions from the court as to the law, by means of the evidence, find the ultimate facts. Every ultimate fact has a legal significance and value which in a civil case the court alone must determine, and as determined by the court must be accepted by the jury. We are of opinion the court erred in giving appellee's first instruction, but we find no material error in his second or third. So far as we are advised, they state the law correctly, and we see nothing in them or either of them that would be likely to prejudice or mislead a jury.

Appellant asked the court to give to the jury the following instruction: ''The jury are further instructed that while the law permits the plaintiff in the case to testify in his own behalf, nevertheless the

jury have the right, in weighing the evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit." The court refused to give this instruction.

Counsel for appellee concede that this instruction is a correct statement of law applicable in this case, and that "it has been approved in substantially the same form in several cases," but say that its substance is included in a given instruction and therefore its refusal is not reversible error. It is true that the court did give the ordinary instruction as to weight of the evidence and the credibility of witnesses, at the instance of appellant, and this instruction did authorize the jury, with respect to the various witnesses who had testified in the case, to take into consideration various specified things, among them "the interest, if any, they have in the matter in controversy." Under the state of the evidence disclosed in this record, we cannot say that the court's refusal to give this most pertinent and proper instruction directing the jury's attention to the law specially applicable to the testimony of a direct party to the suit, must be held to be a harmless error, because there may be found within the limits of a long general instruction the words "the interest, if any, they have in the matter in controversy."

Appellant asked the court to give two instructions, referred to in the record as refused instruction No. 6 and refused instruction No. 13. These instructions define and apply the law of contributory negligence. So far as we are advised, they state the law correctly, are pertinent and important, and their proper purpose is not served by any or all of the given instructions. We are of opinion that these two instructions should have been given.

For the errors above noted, the judgment of the Circuit Court is reversed and the case remanded.

*Reversed and remanded.*